

APR 3 0 2013

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## (RICHMOND DIVISION)

| | |
|---|---|
| **TRIGGER AGENCY, LLC**<br>3539 Clipper Mill Road<br>Baltimore, Maryland 21211<br><br>    **Plaintiff,**<br><br>v.<br><br>**HANOVER ASSOCIATION OF BUSINESSES<br>& CHAMBER OF COMMERCE**<br>9097 Atlee Station Road, Suite 117<br>Mechanicsville, Virginia 23116<br><br>    *Serve On:*<br>    **Resident Agent:**<br>    L. McCauley Chenault<br>    9235 Shady Grove Road, Suite 108<br>    P.O. Box 1810<br>    Mechanicsville Virginia 23116<br><br>    **Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 3:13 CV 273<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Trigger Agency, LLC ("Trigger" or "Plaintiff"), by and through its undersigned

attorneys, files this Complaint against Hanover Association of Businesses & Chamber of

Commerce ("HABCC" or "Defendant"), and alleges as follows:

### NATURE OF THE CASE

1.      This is a Civil Action under the Lanham Act, 15 U.S.C. § 1101, *et seq.* (the

"Lanham Act") for infringement of Plaintiff's registered and common-law trademark rights, false

advertising and unfair competition, against Defendant HABCC, an incorporated association of

businesses that recently began advertising a "NEW Signature Event" in the Richmond area -- a

festival that deliberately using a name, description and other event characteristics that are

confusingly similar to the name and other characteristics of a popular festival in Richmond produced by Plaintiff for the past four years.

2.     Defendant's use of a confusingly similar festival name, logo and other signature characteristics of Plaintiff's festival is clearly designed to capitalize on this confusion, and upon Plaintiff's goodwill and popularity, for Defendant's own event – which is scheduled for the week before Plaintiff's event, at a nearby location.

3.     Plaintiff only recently learned about Defendant's event after receiving a call from a confused consumer, who asked whether Defendant's event was sponsored by the Plaintiff. Plaintiff, through its counsel, immediately notified Defendant of the likelihood for confusion between the two events and has made numerous follow-up communications that have sought Defendant's cooperation to alleviate the potential for confusion and to limit the continuing damage to the Plaintiff, but Defendant has ignored Plaintiff's communications and requests for cooperation. With only a month remaining before Defendant's event, Trigger has no choice but to bring this Action.

4.     Trigger seeks an order that enjoins Defendant from continuing to infringe its trademark rights and from continuing to engage in unfair, false and misleading advertising practices. It also seeks an order requiring HABCC to correct any confusion that its wrongful activities have already caused, and to pay damages to Trigger as permitted by the Lanham Act, including Defendant's profits to date from its ticket sales.

## THE PARTIES

5.     Trigger is a Maryland limited liability company with its principal place of business in Maryland. Trigger is a full-service event and promotional marketing firm, specializing in event production, strategic marketing, brand building, sponsorship development,

public relations, media planning, advertising, graphic design and guerilla marketing. It produces various themed festival events, including the festival at issue, under the trade name "drink.eat.relax."

6.    Hanover is a Virginia corporation with its principal place of business in Mechanicsville, Virginia.  Hanover is an association of regional businesses and a "chamber of commerce." Its Mission Statement on its website states:

> Our mission is to provide leadership within the Hanover and Ashland business communities, to champion economic development while safeguarding business interests and property rights, to promote professional standards and ethics within the business community and to maintain positive relationships among businesses, educators, governments and residents.

http://www.habcc.com/Default.aspx?pageId=391135 (retrieved April 26, 2013).

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, and pursuant to 28 U.S.C. § 1338 because it arises under trademark infringement and false advertising provisions of the Lanham Act.

8.    This court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b) because this is a civil action not founded solely on diversity of citizenship and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Virginia.

## ALLEGATIONS OF FACT

**I.    Plaintiff's Event and Related Activities in the Richmond Area.**

9.    Trigger's festival or event at issue in this Complaint, and which is now in its 5th consecutive year in Richmond, is called the "BEER, BOURBON AND BBQ FESTIVAL".  This year's festival is scheduled for Saturday and Sunday, June 8 & 9, 2013, at the Richmond

Raceway Complex Exhibition Hall, located at 600 East Laburnum Avenue in Richmond. Trigger's festival has always been at this location, and it has always been called by the same name.

10.     Plaintiff puts on an identical event elsewhere in Virginia – namely, in Reston, and this year's BEER, BOURBON & BBQ FESTIVAL in Reston is scheduled for September 13, 2013. Plaintiff also organizes & hosts a BEER, BOURBON & BBQ FESTIVAL at the National Harbor in Washington, D.C.

11.     Trigger's BEER, BOURBON & BBQ FESTIVAL events, in Richmond and elsewhere, include the following features:

- beer and bourbon tastings;
- a souvenir/take-home glass for beer and bourbon tasting;
- barbeque and other food and drink;
- seminars with bourbon distillers, beer brewers and barbecue pit masters;
- live music;
- contests; and
- exhibits and vendor tents related to beer brewing, bourbon distilling, and barbecue, including hot sauces, BBQ accessories, and a cigar tent for all guests.

12.     The barbecue, beer and bourbon featured at Trigger's events are of the highest quality, and the vendors are well known and respected. The food and drink are served in a festive atmosphere featuring live music, contests, vendors of various food and drink-related products and accessories, and related entertainment and commerce.

13.     Plaintiff's BEER, BOURBON & BBQ festivals in Richmond and elsewhere are tremendously popular and draw enormous crowds. The Richmond event has attracted more than 12,000 attendees over the past four years, and the upcoming event is expected to draw large crowds again – upwards of 3,000 people, not including dozens of vendors.

14.     Although Trigger does not claim to have invented the barbecue festival, upon information and belief it is one of the first promoters in the marketplace to pair barbecue with

beer and bourbon as the three-pronged focal point of a touring festival, and to market and promote such festivals on a state-wide and regional basis.

15.     Trigger has spent upwards of $500,000 over the past five years to market and promote its BEER, BOURBON & BBQ festival in the Richmond area, and averages about $75,000 to promote each year's event in the Richmond area, alone.   The event is featured on Richmond-based television and radio stations, in printed and electronic media, including newspapers, and on dozens of event calendars that are created and distributed by various organizations and individuals.  Trigger also maintains a website www.beerandbourbon.com as well as social media websites such as Facebook and Twitter, which promote the event – and the event receives significant attention from individuals who have attended, including YouTube® video postings and social media postings by attendees.

16.     Trigger also spends heavily on advertising and promotion, in the same marketing and media channels, for its Reston, Virginia, and National Harbor (Washington, DC) BEER, BOURBON & BBQ festivals.  Upon information and belief, these marketing and promotion efforts certainly reach individuals who live between Reston and Virginia, which further expands the popularity and notoriety of Plaintiff's events throughout the state.

17.     Trigger organizes identical events at various other locations in Maryland, Georgia, North Carolina, New York and Tennessee – and it is continually expanding the event locations, thanks to their success and popularity.

18.     By virtue of being the first or one of the first to enter the market, in Richmond and elsewhere, its extensive advertising, the quality of its food and drink offerings as well as the high profile and high quality of the food and drink vendors, Trigger's festival event under the name BEER, BOURBON & BBQ FESTIVAL is the premium festival of its kind in the market

and the name BEER, BOURBON & BBQ FESTIVAL has achieved a large amount of goodwill and name recognition with both consumers and vendors within the food and drink industry and specifically within the barbecue, beer and bourbon markets and communities.

**II.    Plaintiff's Trademarks.**

19.    As explained above, for at least the past five years in Richmond, throughout Virginia, Washington, D.C., Maryland and in other mid-Atlantic states, Trigger has made trademark use of the words BEER, BOURBON & BBQ (the "Common Law Mark"), without interruption and consistently, to identify its festivals.

20.    Thanks in large part to Trigger's consistent use of the Common Law Mark, and the enormous popularity that these festivals have acquired over the years, Plaintiff's Common Law Mark has achieved and acquired secondary meaning in and throughout the Richmond area, and consumers in Richmond who are attracted to and interested in attending festivals of this type have come to associate the Common Law Mark with Plaintiff and its event, which is always held at or about the same time of year (*i.e.,* late May into June).

21.    Plaintiff also has used the Common Law Mark in a semi-circle design each and every year that it has held the festivals in Richmond, such that the use of the Common Law Mark in this particular design, which always is wrapped around the top of a picture, has also acquired secondary meaning in the minds of relevant consumers, who now associate the Common Law Mark in Plaintiff's particular design arrangement, with the Plaintiff and its event.

22.     In fact, until early 2001, Plaintiff consistently used the following design with respect to its Richmond and other BEER, BOURBON & BBQ festivals:



23.     In early 2011, Plaintiff made some changes to the design of its event logo, although the Common Law Mark uses of the words and semi-circle design remained unchanged. Plaintiff applied for and received a registration from the United States Patent and Trademark Office for is the following revised design:



24.     The PTO granted Plaintiff's application and Registered Trigger's mark on the Principal Register.   A copy of Plaintiff's Trademark Registration No. 3,959,903, is attached hereto at **Exhibit 1** (the "Registration" for the "Registered Mark").[1]

25.     Trigger's Registration claims and protects use of the Registered Mark related to the following services:  "Conducting entertainment exhibitions in the nature of festivals featuring beer tastings, barbeque tastings, bourbon tastings, food tastings, culinary demonstrations, beer and food pairings, bourbon and food pairings, live music, seminars, art exhibits, and craft exhibits."  *See id.*

---

[1] Although Trigger's trademark application disclaims any rights to the words "beer," "bourbon" and "BBQ," its registered design mark is used exclusively in association with the phrase "Beer, Bourbon & BBQ Festival."

26.     Trigger has used and continues to use the Registered Mark in commerce, without interruption, and consistently, since at least January of 2011, to identify, advertise, promote and sell tickets to festivals that it organizes and produces in several states, including Maryland, Virginia (and specifically, in Richmond and Reston), North Carolina, New York, Georgia and Tennessee.

27.     Trigger's upcoming June 8-9, 2013 BEER, BOURBON AND BBQ festival was first announced and promoted to the public in the greater Richmond area in September of 2012.

**III.   Defendant's Event.**

28.     Defendant, HBACC, recently began advertising an event to take place on June 1, 2013 – a week before Trigger's event -- in Ashland, Virginia, under the name BEER, BOURBON & BBQ, using the following logo:



29.     Defendant's advertising, including its use of Plaintiff's Common Law Mark in the identical semi-circle design and using a substantially similar font type and size, is likely to mislead, deceive or confuse the public with Trigger's Common Law Mark and its Registered Mark, and Defendant's activities constitute infringement of Defendant's common law trademark rights, including its acquired rights in "BEER, BOURBON AND BBQ" – a mark that has achieved secondary meaning in and throughout the Richmond area.

30.     The location for Defendant's event is at the "Whittaker Farm" located at 13201 Blanton Road in Ashland, Virginia, which is about an 18-mile drive from the location of

Plaintiff's upcoming festival.  Defendant's and Plaintiff's events are both located just to the north of downtown Richmond.

31.     Upon information and belief, and given Hanover County's proximity to Richmond and to the Richmond Raceway Complex where Plaintiff's events are held, it is impossible or at least highly unlikely that Defendant was unaware of Trigger's annual festival produced in Richmond at the time it began planning for and advertising its competing event.

32.     The name of and advertising for Defendant's event is clearly intended to confuse consumer's with Trigger's annual and well-regarded festival.  The only difference between the name of Defendant's event and Trigger's festival is that instead of using the word "Festival" in the title, Defendant opted for "Show Down," as in BEER, BOURBON & BBQ SHOW DOWN (contrasted with BEER, BOURBON & BBQ FESTIVAL, the name of Trigger's event).

33.     Defendant thus has copied not only the alliterative element of the name used by Trigger for its event, but has also used the words in the same sequence as Trigger and as well as the abbreviated "BBQ" for barbecue.

34.     Further, the layout and design of Defendant's logo associated with its copycat event is likewise nearly identical to that used by Trigger: both logos use all capitalized letters, the same punctuation and an ampersand ("&") in place of "and," and the expression BEER, BOURBON & BBQ is laid out in an arc/semi-circle atop the circular graphic logo that lies beneath it.  Moreover, the letter font used in the two logos is nearly identical, as illustrated by the unique curly tail found in the lower-right hand portion of the letters "R" and "Q" in each logo.

35.     In addition to copying the theme of Trigger's event and using a virtually identical name and logo design/layout, Defendant has also scheduled its event to take place exactly one

9

week prior to Trigger's event in Richmond, at a location fewer than 20 miles away from Trigger's event, and has undercut Trigger on the price of admission, with a ticket structure of $30/$20/$15 (at the gate/advance purchase/designated driver or under 18), compared to Trigger's ticket pricing structure of $45/$35/$25 (VIP/regular admission/designated driver).

36.     Like Trigger's event, Defendant's advertising for its proposed event includes the following features:

- beer and bourbon tastings;
- a souvenir/take-home glass for beer and bourbon tasting;
- barbeque and other food and drink;
- live music; and
- exhibits and vendor tents related to beer brewing, bourbon distilling, and/or barbecue.

37.     Accordingly, Defendant is competing directly with Trigger in the market of consumers who enjoy beer, barbecue and/or bourbon in a festival setting featuring live music and other elements commonly found at a food and drink festival.

38.     In light of the popularity of Trigger's festival and the goodwill Trigger has achieved in connection with its Common Law Mark and its Registered Mark, Defendant's actions in naming, advertising, promoting and scheduling its identically-themed and (near) identically-named festival, is likely to cause confusion, and in some cases has already caused confusion, among members of the relevant consuming public, that Defendant's event is affiliated with Trigger.

39.     Upon recently discovering Defendant's actions described herein, Plaintiff contacted HABCC by letter dated April 1, 2013 to request that Defendant cease its use of the name BEER, BOURBON & BBQ, or any mark that is confusingly similar to Trigger's Registered Mark, and that for this and any future events, Defendant use a name that is distinguishable from Trigger's Registered Mark.

10

40.     On April 15, 2013, a representative from HABCC contacted counsel for Trigger to acknowledge receipt of the April 1, 2013 letter, and despite promising a substantive response "soon", no such response has been made to date, and HABCC has not responded to any follow-up correspondence or inquiries by Plaintiff's counsel.

41.     In the meantime, Defendant continues to advertise (and presumably, sell tickets) for its event under the confusingly similar name BEER, BOURBON & BBQ SHOW DOWN with a date of June 1, 2013 in Ashland, Virginia at the same time that Trigger continues to market and promote its BEER, BOURBON & BBQ FESTIVAL scheduled for June 8, 2013, fewer than 20 miles away in Richmond.

42.     To the best of Trigger's knowledge and information, as of the date of this Complaint, Defendant has not stopped engaging in any of the wrongful actions described above. Defendant thus continues to infringe upon Trigger's rights and otherwise engage in false advertising and unfair competition knowingly and/or with an intent to injure Trigger.

## COUNT II: TRADEMARK INFRINGEMENT – REGISTERED MARK
(15 U.S.C. § 1114)

43.     Trigger repeats and incorporates by reference all of the allegations set forth in paragraphs 1 through 42 above as if fully set forth herein.

44.     Defendant has, without the consent of the registrant Trigger, used in commerce a reproduction, copy or colorable imitation of the Registered Mark in connection with the identification, sale, offering for sale and/or advertising of goods and services in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers thereof.

45.     As a result of the popularity of Trigger's festivals in Richmond, Reston, National Harbor (Washington DC) and elsewhere, and Trigger's time, effort and resources spent in the development and protection of its BEER, BOURBON & BBQ FESTIVAL Registered Mark,

11

Trigger's trademark together with the name BEER, BOURBON & BBQ FESTIVAL has achieved secondary meaning in the greater Richmond area and elsewhere.

46.     By and through its actions, which are ongoing, Defendant intended to confuse or deceive, and willfully infringed Trigger's federal and common law trademark rights, and otherwise acted in bad faith.

47.     As a result of Defendant's actions, it is liable in a civil action by Trigger pursuant to 15 U.S.C. § 1114.

48.     Defendant's use in commerce of a mark that is confusingly similar to Trigger's Registered Mark has caused and will continue to cause substantial and irreparable injury to the registrant, Trigger, and to the public, and will continue to cause such irreparable harm, damage and injury to Trigger and the public unless Defendant is preliminarily and permanently enjoined by this Court to cease such use.

WHEREFORE, for the reasons set forth herein, Trigger prays that judgment be entered by this Court in its favor and against the Defendant, and that the Court:

A.      Preliminarily and permanently enjoin Defendant and any entities or individuals acting in concert or participation with it, from using in commerce any reproduction, counterfeit, copy, or colorable imitation of Trigger's Registered Mark, including but not limited to the phrase BEER, BOURBON & BBQ, in connection with the sale, offering for sale, production or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive;

B.      Order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the Defendant that bear the phrase BEER,

BOURBON & BBQ or otherwise infringe on Trigger's Registered Mark or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed;

C.    Order Defendant to engage in immediate and sufficient corrective measures including corrective advertising, in the means, methods and channels that the Court determines to be sufficient, for the purpose of eliminating any actual or potential confusion caused by Defendant's activities, and to attempt to limit or avoid future harm to the Plaintiff;

D.    Award Trigger Defendant's profits earned from sales of tickets to or other revenues earned in connection with its BEER, BOURBON & BBQ SHOW DOWN and any damages sustained by Trigger as a result of Defendant's infringement;

E.    Award Trigger three times any profits or damages, whichever is greater, that the Court awards to Trigger pursuant to the immediately-preceding paragraph;

F.    Require Defendant to pay Trigger's reasonable attorneys' fees in pursuing this Action;

G.    Award to Trigger prejudgment interest at an annual interest rate established under section 6621(a)(2) of the Internal Revenue Code of 1986 [26 USC §6621(a)(2)], commencing on the date of the service of Trigger's Complaint;

H.    Award Trigger the costs of this Action; and

I.    Order such other relief as the Court deems just.

## COUNT II: UNFAIR COMPETITION – COMMON LAW
## TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1125(a)(1)(A))

49.     Trigger repeats and incorporates by reference all of the allegations set forth in paragraphs 1 through 48 above as if fully set forth herein.

50.     As a result of the popularity of Trigger's festivals in Richmond, Reston, National Harbor and elsewhere, and Trigger's time, effort and resources spent in the advertising, development and protection of its "BEER, BOURBON & BBQ FESTIVAL" trademark and the common law rights surrounding it, the name BEER, BOURBON & BBQ FESTIVAL has achieved secondary meaning in the Richmond area and elsewhere. The consuming public, in Virginia and more specifically, in the greater Richmond area (encompassing the town of Ashland and Hanover County), has come to associate the name BEER, BOURBON & BBQ FESTIVAL with Trigger's well promoted and well attended events since 2009.

51.     Defendant has, without the consent of the registrant Trigger, used in commerce a reproduction, copy or colorable imitation of Trigger's common law trademark in connection with the identification, sale, offering for sale and/or advertising of goods and services in a manner that is likely to cause confusion, or to cause mistake, or to deceive consumers thereof, as to the origin, sponsorship or approval of Defendant's festival.

52.     By and through its actions, which are ongoing, Defendant intended to confuse or deceive, and willfully infringed Trigger's common law trademark rights, and otherwise acted in bad faith.

53.     Defendant's use in commerce of a mark that is confusingly similar to Trigger's trademark has caused and will continue to cause substantial and irreparable injury to the registrant, Trigger, and to the public, and will continue to cause such irreparable harm, damage

and injury to Trigger and the public unless Defendant is preliminarily and permanently enjoined by this Court to cease such use.

WHEREFORE, for the reasons set forth herein, Trigger prays that judgment be entered by this Court in its favor and against the Defendant, and that the Court:

A.   Preliminarily and permanently enjoin Defendant and any entities or individuals acting in concert or participation with it, from using in commerce any reproduction, counterfeit, copy, or colorable imitation of Trigger's Registered Mark, including but not limited to the phrase BEER, BOURBON & BBQ, in connection with the sale, offering for sale, production or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive;

B.   Order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the Defendant that bear the phrase BEER, BOURBON & BBQ or otherwise infringe on Trigger's Registered Mark or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of making the same, shall be delivered up and destroyed;

C.   Order Defendant to engage in immediate and sufficient corrective measures including corrective advertising, in the means, methods and channels that the Court determines to be sufficient, for the purpose of eliminating any actual or potential confusion caused by Defendant's activities, and to attempt to limit or avoid future harm to the Plaintiff;

D.      Award Trigger Defendant's profits earned from sales of tickets to or other revenues earned in connection with its BEER, BOURBON & BBQ SHOW DOWN and any damages sustained by Trigger as a result of Defendant's infringement;

E.      Award Trigger three times any profits or damages, whichever is greater, that the Court awards to Trigger pursuant to the immediately-preceding paragraph;

F.      Require Defendant to pay Trigger's reasonable attorneys' fees in pursuing this Action;

G.      Award to Trigger prejudgment interest at an annual interest rate established under section 6621(a)(2) of the Internal Revenue Code of 1986 [26 USC §6621(a)(2)], commencing on the date of the service of Trigger's Complaint;

H.      Award Trigger the costs of this Action; and

I.      Order such other relief as the Court deems just.

## COUNT III: UNFAIR COMPETITION - FALSE ADVERTISING
### (15 U.S.C. § 1125(a)(1)(B))

54.     Trigger repeats and incorporates by reference all of the allegations set forth in paragraphs 1 through 53 above as if fully set forth herein.

55.     By and through the actions and activities described above, including without limitation: (i) Defendant's use of a confusingly similar name, logo, design and font, (ii) in connection with an event that is intended to be a virtual mirror image of Plaintiff's event, (iii) at a nearby location to Plaintiff's popular event, (iv) on a date that is only a week before Defendant's event, but (v) which is slightly less expensive than Plaintiff's signature and high-quality event, Defendant has used and continues to use false or misleading representations of fact

in commercial advertising and promotion, which misrepresents the nature, characteristics, qualities or geographic origin of its services and commercial activities.

56.     Defendant acted willfully and intended to confuse or deceive the consuming public.

57.     As a direct and proximate result of Defendant's activities, Plaintiff has been injured and damaged, and unless enjoined, Defendant's activities are likely to continue to cause Plaintiff irreparable and monetary injury and damage.

WHEREFORE, for the reasons set forth herein, Trigger prays that judgment be entered by this Court in its favor and against the Defendant, and that the Court:

   A.     Preliminarily and permanently enjoin Defendant from engaging in any advertising or promotion or other commercial activity that violates 15 U.S.C,. § 1125(a)(1)(B);

   B.     Order the destruction of all labels, signs, prints, packages, wrappers, receptacles, flyers, tickets and advertisements in the possession of the Defendant or its affiliates that contain false or misleading descriptions of fact;

   C.     Order Defendant to engage in immediate and sufficient corrective measures including corrective advertising, in the means, methods and channels that the Court determines to be sufficient, to correct any false or misleading advertising and any confusion or misunderstanding that Defendant has caused among the consuming public;

   D.     Award Trigger Defendant's profits earned from sales of tickets to or other revenues earned in connection with its BEER, BOURBON & BBQ SHOW

DOWN and any damages sustained by Trigger as a result of Defendant's false and misleading advertising;

E.    Award Trigger three times any profits or damages, whichever is greater, that the Court awards to Trigger pursuant to the immediately-preceding paragraph;

F.    Require Defendant to pay Trigger's reasonable attorneys' fees in pursuing this Action;

G.    Award to Trigger prejudgment interest at an annual interest rate established under section 6621(a)(2) of the Internal Revenue Code of 1986 [26 USC §6621(a)(2)], commencing on the date of the service of Trigger's Complaint;

H.    Award Trigger the costs of this Action; and

I.    Order such other relief as the Court deems just.

## PRAYER FOR JURY TRIAL

Plaintiff respectfully prays for a trial by jury.

Dated: April 30, 2013

Respectfully submitted,

David J. Sensenig (#VSB 41102)
david.sensenig@parkpalais.com
Park Palais LLC
2310 West Main Street
Richmond, Virginia 23220
804.417.6085
888.552.1781 (fax)


Of counsel (*pro hac vice motions to be submitted*):

_____/s/_____
Joshua A. Glikin)
glikin@bowie-jensen.com
_____/s/_____
Jason C. Brino
brino@bowie-jensen.com
BOWIE & JENSEN, LLC
29 W. Susquehanna Avenue,
Suite 600
Towson, Maryland 21204
(410) 583-2400

*Counsel for Plaintiff, Trigger Agency, LLC*